SCHAFF & CO. VS FIRST NATIONAL BANK OF HOLDENVILLE.

Opinion delivered October 19, 1904.

1. *Chattel Mortgages—Replevin—Description of Property—Evidence of Identity.*

In an action of replevin brought by mortgagees to recover certain cattle claimed to be the cattle mortgaged from a party claiming same by purchase, evidence *Held* to establish the identity of the mortgaged cattle.

2. *Appeal—Verdict—Supported by Evidence not Disturbed.*

Where there is evidence to support the finding of the jury, their verdict will not be disturbed on appeal.

Appeal from the United States Court for the Western District.

CHARLES W. RAYMOND, Judge.

Action by the First National Bank of Holdenville against Schaff & Co. Judgment for plaintiff. Defendants appeal. Affirmed.

On the 6th day of December, 1901, appellee (plaintiff below) filed a complaint against appellants (defendants below), alleging that, under the terms of two certain chattel mortgages executed by L. H. Adair to plaintiff to secure the payment of the indebtedness therein mentioned, plaintiff is the owner and has a special ownership and interest in, and is entitled to the immediate possession of, certain property, described as follows: "Twenty-seven cows, three to eight years old, branded H. A.    Twenty

calves, of the year 1901. Thirty-seven steers, two and three years old, branded H. A. Plaintiff further alleges that said cattle are the identical cattle described in said chattel mortgages, that said mortgages were duly filed on March 13, 1901, and August 30, 1901, as required by law; that the indebtedness secured by same has not been paid, and is now due; that demand has been made for the possession of said property from defendants, and same is in their possession without right, and is unlawfully detained by them, to plaintiff's damage in the sum of $500. Asks judgment for property, damages, and costs. On same day summons was issued. On December 12, 1901, affidavit and bond was filed by plaintiff, and order of delivery and replevin and for arrest was issued, and cattle seized; and on December 16, 1901, defendants filed redelivery bond, and the cattle were redelivered to defendants. On February 10, 1903, defendants filed their answer, and deny plaintiff is the owner or has a special ownership or interest in, or is entitled to the immediate possession of the property described in plaintiff's complaint, deny that the cattle described in plaintiff's complaint are the cattle mentioned in the chattel mortgages, deny the plaintiff has been damaged, and deny that they have ever detained the property in controversy from the plaintiff without right, but state the facts to be that they are the owners of all of said cattle by virtue of purchase, and that no other person whomsoever has any interest in or to said cattle, or any right to the possession thereof, and ask for judgment. On the same day this cause came on for trial before a jury, and on the same day the jury returned into court the following verdict: "We, the jury, find the issues in favor of the plaintiff, and that plaintiff should recover from the defendants the following property mentioned in the complaint: 37 steers, of the value of $20 each, 26 cows, of the value of $17 each, and 20 calves, of the value of $9 each, and all of the total value of $1,362—and assess the damages of plaintiff at the sum of $200." On February 11, 1903, defendants filed their motion for

new trial, and the following proceedings were had. "Thereupon the plaintiff moved the court to remit from said award of $200 damages the sum of $105, and said remittitur is by the court entered, and said damages for the plaintiff directed to be for the sum of ninety-five dollars, whereupon the court doth overrule the defendant's motion for a new trial. And the plaintiff having moved for judgment upon said judgment and remittitur, it is thereupon by the court considered, ordered, and adjudged that the said plaintiff, the First National Bank of Holdenville, do have and recover from the said defendants C. B. Schaff and R. M. McFarlan, composing the said firm of Schaff & Co., the possession of the said property, or the value thereof, to wit, the said thirty-seven head of steers mentioned in the complaint filed herein on the 6th day of December, 1901, as then 3 to 8 years old, or their value, $20 each, being the sum of seven hundred and forty dollars ($740).; the said twenty-six cows mentioned in said complaint as then 2 and 3 years old, or their value, $17 each, being the sum of four hunderd and forty-two dollars; and the said twenty calves mentioned in said complaint as calves of the year 1901, or their value, $9 each, being the sum of one hundred and eighty dollars, and, if a delivery of any part of said property cannot be had, then the said value of such part as cannot be returned, and, if the delivery of none of said property can be had, then the value of all of said property, to wit, the aggregate sum of thirteen hundred and sixty-two dollars ($1,362), and also that said plaintiff recover of and from said defendants its said damage, amounting to the sum of ninety-five dollars ($95), together with all its costs herein for all of which foregoing let process issue according to law." To all of which defendants excepted, and pray an appeal to this court.

*N. A. Gibson, L. Walker*, and *Wm. T. Hutchings*, for appellants.

*Horton & Brewer*, for appellee.

TOWNSEND, J.   The appellants have filed four specifications of error, as follows:   "(1)   The court below erred in overruling defendant's motion for a new trial because the verdict of the jury was contrary to the evidence.   (2)   The court erred in overruling defendant's motion for new trial because the verdict of the jury was excessive and not warranted by the  testimony. (3)   The court erred in refusing the following instruction asked by the defendant:  'You are instructed that, under the evidence, the plaintiff could not recover the calves sued for; the mortgage under which the plaintiff claims showing that all the cattle covered by it were branded, and the evidence in this case showing that the calves taken under the writ of replevin were not branded.' (4)   The court erred in refusing the defendant the following instruction asked for by the defendant:  'If you believe from the evidence that any of the cattle taken under the writ of replevin in this case were branded Block T, as to all such cattle you will find for the defendant.' "

The first two specifications are the alleged errors of the jury, first, because the verdict was contrary to the evidence; and, second, because the verdict was excessive and not warranted by the testimony.   The third and fourth specifications are the alleged errors of the court in refusing instructions requested by defendants.

Appellants state, as the result of their discussion of the evidence in the case, as follows:   "Now, under what we consider the strictly undisputed evidence in the case, there was 1 cow and 15 head of calves that should have been given to the defendants in this case, or, to state it differently, should not have been given in the verdict to the plaintiffs."   On page 2 of their brief they state the trial resulted "in a verdict for the plaintiff for all the cattle sued for."   It appears that this statement is incorrect, for the plaintiff sued for 27 cows, and only recovered a verdict for

26 cows. The evidence of Kistler, attorney, is that they got one cow branded "T Box" on the hip, which was the only cow among the 27 taken by Fleming, deputy marshal, that had that brand. Is it not, therefore, probable, by reason of that fact, that the jury gave their verdict for 26 cows, instead of 27, as sued for? In regard to the calves, Schaff, one of·the appellants, testified "that fifteen of the calves were branded T Box," and eleven with no brand at all; and Kistler testified as follows in regard to said calves: "Q. The twenty head of calves that you got, you took them on the theory that they belonged to the H A cows? A. Yes, sir. Q. If you had not seen them with the cows, you could not have told them from the other calves in this bunch, could you? A. No, sir; there were some calves in there· that were branded—larger calves. These, I guess, were spring calves. Q. There were quite a number of spring calves in this bunch that you couldn't tell apart? A. We couldn't tell those calves, except for the mothers. Q. Speaking of those you couldn't tell apart, did you get any of those? Mr. Hutchings: I meant tell apart from those he got. The Witness: The only way we could ever tell those calves, and the only way we did tell them, was by getting the mother, and the calf would follow the mother." And the same witness, being recalled, testified on that same subject as follows: "E. L. Kistler, recalled on behalf of the plaintiff, testified as follows. Mr. Horton: Q. Do you remember whether any of those 20 calves were branded? A. No, sir; if there were any brands at all on those calves, they were on the opposite side. We looked in every instance, I believe, for a brand on the left side, and we found none whatever on any of those calves." Fleming,·the deputy marshal, being recalled by plaintiff, testified in regard to those calves as follows: "Court Fleming, recalled on behalf of the plaintiff, testified as follows: Mr. Horton: Q. Did any of those calves have a brand on them? A. I didn't see any." Appellants, in referring to the testimony of these two witnesses in their brief, when they were recalled,

state "they did not remember whether any of these 20 calves were branded." This is an inaccurate statement as to their testimony. It thus appears that the calves selected were those following their mothers, which were branded H. A. Miss Ina Oldham, owner of the T Box brand, testified "that 65 of her spring calves were branded Box T, but that none of the calves belonging to L. H. Adair (the mortgagor) were branded." Both mortgages provided, in their description of the cattle—the same being: "(27) twenty-seven cows, 3 to 8 year old. (20) twenty calves, this year's. (37) thirty-seven steers, 2 and 3 years old. Cattle are all branded 'H A' "—as follows: "Also especially covering and including all increase of the above-described stock."

The only question really involved in this case is whether the evidence supported the verdict. The appellants have not discussed their third assignment, as, under the mortgages, the increase is covered by them, as well as those described as branded. The mortgages were dated March 1, 1901, and August 24, 1901, and Mr. McFarlan, one of the appellants, testified as follows: "That about one-third of the calves in the bunch he mentioned were one-third early, one-third summer and one-third fall calves —'most of them little bits of baby calves.' " Mr. Kistler also testified in regard to the selection of said calves as follows: "The calves were following the cows. Matt Withers came out there, and he said in one or two instances that: "This calf dont go. That is not one of the calves.' And every time he did that, we would cut the cow out, and drive her off, to see if the calf would follow, and the calf would follow in every instance where we took the calf."

It is perfectly evident that there was much evidence to support the finding of the jury, and where such is the case an appellate court will not disturb the verdict. It is therefore our opinion that the judgment of the court below should be affirmed.

GILL and CLAYTON, JJ., concur.